By the Court:
This is a bill in chancery for a partition. The case made is this: Lot Pugh and his son were partners in trade, and purchased the lot in question with the partnership funds, and took a conveyance to the two. Pugh the elder having deceased intestate, his heirs at law released their interest to the son. The personal estate of Pugh the elder being found insufficient to pay the debts, application was made by his administrators to sell his undivided interest in the land in question, to raise a fund to pay the debts, under the statute of Ohio. On this application a sale *242 was made to the complainant, which has been confirmed and a deed made. He now seeks partition. It is objected that partition can not be ordered, because this property, being purchased by the partnership funds, is partnership property, and is not liable to the individual debts of Pugh the elder*. We think these partners took this property as tenants in common, and that the interest of the ■elder Pugh descended at his death to' his heirs at law, subject to 'the right of his administrators to dispose of it, under the law, to pay his debts. No objection is made to the regularity of the proceedings by the administrators, or the sale or conveyance to the -complainant. He appears to us to have a legal estate. It is not with the defendants to avoid a partition by setting up a possible claim in the creditors of the copartners. We do not decide upon their claims, if they have any; but we leave tl}em, if there are -any, to assert their own rights.
The partition is ordered to be made by three commissioners, to report to the next term in Hamilton county.